IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY D. HAYES,

                            Petitioner,                                ORDER

      v.

                                                        08-cv-0013-bbc

ANA BOATWRIGHT, Warden, New
Lisbon Correctional Institution

                            Respondent.

---

      Petitioner Larry Hayes, incarcerated at the New Lisbon Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is serving a life sentence in prison on a May 19, 1969 conviction for first-degree intentional homicide.  Petitioner contends that he was approved for discretionary parole, but when a new chairperson of the parole commission was appointed in 2006, his parole was denied in violation of his rights under the Eighth and Fourteenth Amendments.

      On February 4, 2008, respondent answered the petition, asserting that it was not timely filed and that petitioner had not exhausted all available state court remedies.  Dkt. #8.  On February 20, 2008, petitioner moved for leave to exhaust his state court remedies, apparently requesting this court to stay further proceedings on his habeas petition.  Dkt. #11.  (He states in his petition that he filed a writ of certiorari in the Circuit Court for

Racine County, Wisconsin in 2006 but that Judge Wayne Marik has not yet issued a ruling. Dkt. #1, ¶¶ 7-14.)  Respondent opposes the motion and seeks dismissal of the petition. Dkt. #12.  Because it is undisputed that petitioner still has state remedies available and the one-year limitations period for filing a federal habeas petition is tolled pending his exhaustion of those remedies, I am dismissing the petition without prejudice.

DISCUSSION

As an initial matter, I note that petitioner named as respondents Alfonso Graham, Chairman of the Parole Commission, Racine County Circuit Court Judge Wayne Marik and Timothy Lundquist, former warden of the New Lisbon Correctional Institution.  In a habeas action filed by a state prisoner, the proper respondent is the state officer having custody of the prisoner.  Rule 2 of the Rules Governing Section 2254 Cases.  That person is the warden of the New Lisbon Correctional Institution.  At the time petitioner filed his petition, Timothy Lundquist was the warden of that institution.  However, Ana Boatwright was named as his replacement on January 22, 2008.  I have revised the caption to show Boatwright as petitioner's custodian and respondent.

It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief.  28 U.S.C. § 2254(b)(1)(A); Moleterno v. Nelson, 114 F.3d 629, 633 (7th Cir. 1997).  In order to comply with this requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking

2

one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995) (state courts must have "opportunity to pass upon and correct alleged violations of its prisoners' federal rights"). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner. Engle v. Isaac, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented").

It is undisputed that petitioner has an appeal pending in state court. As petitioner recognizes, he must give the state court an opportunity to resolve his constitutional claims. However, he does not need leave of court to do so. By filing a motion for leave to proceed, petitioner apparently is asking this court to stay further proceedings on his habeas petition while he exhausts his state remedies. However, when a petitioner raises claims that have not been exhausted in state court and state remedies remain available, the federal court must dismiss the petition without prejudice to allow the petitioner to return to state court. Rhines v. Weber, 544 U.S. 269, 274 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982).

Petitioner also seems to assert that the circuit court is not acting in a timely manner. As respondent points out, petitioner has the option of seeking a supervisory writ from the

3

state court of appeals if he wishes to challenge any actions by the circuit court. Wis. Stat. § 809.51.

After exhausting his claims in state court, petitioner may present his claims to the federal court in a new habeas petition, assuming he does so within the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Rhines, 544 U.S. at 275. The one-year limitation begins to run from the date on which judgment in the state case becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). Pursuant to 28 U.S.C. § 2244(d)(2), time is tolled during the pendency of any properly filed application to the state for post-conviction relief. Therefore, after petitioner has fully exhausted any state remedies available, including any appeals, he may refile his habeas petition in this court.

However, I think it fair to warn petitioner that it is questionable whether this court would have jurisdiction over petitioner's claims even if he exhausted his state court remedies. Under § 2254(a), a court may grant federal habeas relief to a state prisoner if he "is in custody in violation of the Constitution or laws or treaties of the United States." State prisoners have no constitutionally protected interest in parole unless the state has established a statutory or regulatory entitlement that stands or falls on the application of rules to facts. Greenholtz v. Inmates of the Nebraska Penal and Correctional Center, 442 U.S. 1, 11-12 (1979); Huggins v. Isenbarger, 798 F.2d 203, 205 (7th Cir. 1986). See also Shea v. Smith, 248 F.3d 1159 (7th Cir. 2000) (discussing Wisconsin's mandatory and discretionary parole

statutes in unpublished disposition). Wisconsin has conferred such an interest upon some of its inmates with mandatory parole. Wis. Stat. § 302.11. However, that statute makes an exception for inmates serving a life term, allowing the parole commission to grant parole only *at its discretion* to certain inmates serving a life term. Wis. Stat. §§ 302.11(1m), 304.06(1)(b). As a result, petitioner cannot claim any federal constitutional right to mandatory release. The due process clause protects only liberty interests to which a person has a legitimate claim of entitlement as opposed to some unilateral expectation or abstract need. Greenholtz, 442 U.S. at 7. Accordingly, petitioner may want to think twice before refiling a federal habeas petition based on these claims.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to change the caption to reflect that Ana Boatwright, Warden, New Lisbon Correctional Institution is the respondent;

2. Petitioner Larry Hayes's motion for leave to exhaust is DENIED; and

3. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE; and

4.  The clerk of court is directed to enter judgment closing this case.

Entered this 7th day of March, 2008.

                                        BY THE COURT:

                                        /s/

                            _____
                            BARBARA B. CRABB
                            District Judge